# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| PRO ORTHOPEDIC DEVICES, INC., | : |
| Plaintiff, | : Civil Action No.: |
| | : |
| v. | : COMPLAINT |
| | : |
| ORTHO EQUINE LLC, | : |
| | : |
| | : JURY TRIAL |
| Defendant. | : |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, PRO Orthopedic Devices, Inc. ("PRO Orthopedic"), by and through its attorneys, brings this Complaint for Patent Infringement against Defendant, Ortho Equine LLC ("Ortho Equine"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 100, *et. seq*.

### THE PARTIES

2. Plaintiff, PRO Orthopedic Devices, Inc., is a corporation organized under the laws of Arizona, with its principal place of business located at 2884 E. Ganley, Tucson, Arizona 85706.

3. On information and belief, Defendant, Ortho Equine LLC, is a limited liability company organized under the laws of Kansas with its principal place of business located at 11872 W. 91st Street, Overland Park, Kansas 66214.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5. This Court has personal jurisdiction over Ortho Equine because Ortho Equine is subject to general and specific jurisdiction in the State of Delaware. Ortho Equine has established minimum contacts with this judicial district. Upon information and belief, Ortho Equine regularly conducts business in Delaware, including selling and/or offering to sell products in this judicial district to persons located in Delaware for infringing use by such persons. Ortho Equine also owns and/or operates an interactive website for commercial purposes, including said purposes of promoting, marketing, and advertising infringing products. Said website is accessible to persons located in Delaware. Through its website, Ortho Equine offers to make, sell, and distribute infringing products for Delaware customers, and uses such website to induce and contribute to the infringement by others located in Delaware. Ortho Equine also solicits inquiries on its website from Delaware customers regarding infringing products and infringing uses of such products. Ortho Equine's actions constitute patent infringement in this district in violation of 35 U.S.C. § 271. The acts by Ortho Equine have caused injury to PRO Orthopedic within Delaware and this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b) and because Ortho Equine transacts business within this judicial district and has committed acts that constitute infringement of U.S. Patent No. 5,871,458.

**THE PATENT-IN-SUIT**

7.     PRO Orthopedic reasserts and incorporates herein by reference the allegations of all preceding paragraphs in this Complaint as if fully set forth herein.

8.     On February 16, 1999, U.S. Patent No. 5,871,458 ("the '458 patent") entitled, "Equine Ankle Brace System," a true and correct copy of which is attached hereto as Exhibit A, was duly and legally issued by the U.S. Patent and Trademark Office (the "USPTO"). The '458 patent is now and at all relevant times has been in full force and effect.

9.     PRO Orthopedic is the owner by assignment of all rights, title, and interest in and to the '458 patent, including all rights of actions and rights to recover for damages, profits, and costs arising from any past, present, and future infringements of the '458 patent.

**COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 5,871,458**

10.    PRO Orthopedic reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

11.    The claims of the '458 patent are presumed valid pursuant to 35 U.S.C. § 282.

12.    On information and belief, for all times relevant to this Complaint, Ortho Equine has been making, using, selling, and offering for sale products covered by one or more of the claims of the '458 patent and continue to do so to this day. By way of example, these products include, but are not limited to, the OE Comfort Boot (the "Accused Products"). A copy of an OE Comfort Boot advertisement of Ortho Equine is attached hereto as Exhibit B.

13.    On information and belief, Ortho Equine knew or should have known that the Accused Products would be and are placed into the stream of U.S. commerce and actively offered for sale or sold to residents in the State of Delaware.

14. Upon information and belief, the Accused Products that entered into the stream of U.S. commerce by Ortho Equine and offered for sale or sold to residents in the State of Delaware do not have any substantial non-infringing use.

15. Upon information and belief, Ortho Equine has been and is currently infringing one or more claims of the '458 patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering to sell, selling, or importing into the United States, without license or authority at least the Accused Products, which are covered by one or more of the claims of the '458 patent, including at least claims 16, 17, 20, 21, 24, and 25.  Ortho Equine's infringing activities violate 35 U.S.C. § 271.

16. Ortho Equine has received at least constructive notice of the '458 patent, including at least as a result of substantially all of the products made by Plaintiff PRO Orthopedic or under its authority within the scope of at least one claim of the '458 patent having been marked to identify thereon, the '458 patent.  Despite said notice, Defendant Ortho Equine has continued to engage in acts constituting infringement of the '458 patent.

17. PRO Orthopedic is informed and believes, and thereon alleges, that Ortho Equine has not only directly infringed but also contributed to infringement of and/or induced others to infringe, and continue to infringe at least claims 16, 17, 20, 21, 24, and 25 of the '458 patent, in further violation of 35 U.S.C. § 271.  These acts also were not and are not authorized by PRO Orthopedic.

18. Upon information and belief, Ortho Equine had knowledge that the accused products are an infringement of the '458 patent and has willfully made, sold, and offered for sale the Accused Products.

19. PRO Orthopedic is informed and believes, and on that basis alleges, that Ortho Equine has gained profits by virtue of its infringement of the '458 patent.

20. PRO Orthopedic has sustained damages as a direct and proximate result of Ortho Equine's infringement of the '458 patent.

21. As a consequence of Ortho Equine's infringement of the '458 patent, PRO Orthopedic is entitled to the recovery of past damages.

22. Upon information and belief, Ortho Equine will continue to infringe the '458 patent unless enjoined by this Court.

23. As a result of Ortho Equine's continuing infringement of the '458 patent, PRO Orthopedic has been damaged to an extent not yet determined.

24. Ortho Equine's infringement has injured PRO Orthopedic, and PRO Orthopedic is entitled to recover damages adequate to compensate for such infringement, including but not limited to, lost profits, a reasonable royalty award, disgorgement of the profits received by Ortho Equine, treble damages, costs, pre and post judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief as this Court deems just and proper.

25. As a consequence of the continued infringement of the '458 patent by Ortho Equine complained of herein, PRO Orthopedic has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts unless Ortho Equine is enjoined by this Court from committing further acts of infringement.  PRO Orthopedic has no adequate remedy at law.

**PRAYER FOR RELIEF**

Wherefore, PRO Orthopedic respectfully requests the Court to grant the following relief:

A. A judgment that the '458 patent is valid and enforceable;

B. A judgment that Ortho Equine has infringed one or more claims of the '458 patent, including at least claims 16, 17, 20, 21, 24, and 25, in violation of 35 U.S.C. § 271;

C. That Ortho Equine, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the Court's Order be preliminarily and permanently restrained from infringing the '458 patent;

D. A permanent injunction prohibiting Ortho Equine, its predecessors, successors, parents, subsidiaries, and affiliates thereof, including, but not limited to, all past or present directors, officers, agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them who receive actual notice of the Court's Order, from committing further acts of infringement;

E. An award of damages to PRO Orthopedic, together with prejudgment interest from the date the infringement began and post-judgment interest;

F. Declaring that Ortho Equine has willfully infringed the claims of the '458 Patent;

G. That the damages in this Court's judgment be trebled for the willful and deliberate infringement of the '458 patent by Ortho Equine;

H. A finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and an award to PRO Orthopedic of its reasonable attorneys' fees and expenses;

I. An award of costs to PRO Orthopedic; and

J. Such other and further relief as this Court deems proper and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), PRO Orthopedic hereby demands a trial by a jury on all issues so triable.

Dated: June 17, 2016

OF COUNSEL

James J. Kozuch (PA I.D. No. 43600)
(*pro hac vice admission anticipated*)
CAESAR RIVISE, PC
1635 Market Street
7 Penn Center – 12th Floor
Philadelphia PA 19103-2212
215-567-2010 (P)
215-751-1142 (F)
<jkozuch@caesar.law>

CAESAR RIVISE, PC

 */s/ R Touhey Myer*
 R Touhey Myer (#5939)
 King Street Plaza
 800 N. King Street - Suite 304
 Wilmington, DE 19801
 302-544-9100 (P)
 302-544-9103 (F)
 <tmyer@caesar.law>

*Attorneys for Plaintiff*
*PRO Orthopedic Devices, Inc.*